IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

**NICHOLAS CLARK,**  )
)
          Plaintiff,  )  **Civil Action No.**
)
          v.  )  **Jury Trial Demanded**
)
**MEDICREDIT, INC.,**  )
)
          Defendant.  )
)

## COMPLAINT

NICHOLAS CLARK ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), and the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq*., and Texas Common Law.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

4. Supplemental jurisdiction to all state law claims is proper pursuant to 28 U.S.C. § 1367 *et seq*.

## III. PARTIES

5. Plaintiff is a natural person who resides in Arlington, Texas.

6. Defendant is a debt collection company with headquarters located at 3 City Place Drive, Suite 690, St. Louis, MO 63141.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

8. Defendant regularly conducts business in the State of Texas, thus personal jurisdiction is established.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10. At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiff related to a bill from Sutton Hospital.

11. The alleged debt arose out of transactions that were for personal, family or household purposes.

12. As Plaintiff has no business debt, the alleged debt could only be personal in nature.

13. Between December 2011 and January 2012, Defendant's collectors placed repeated harassing telephone calls, multiple times per week, to Plaintiff's cellular telephone in order to collect the alleged debt.

14. Defendant's harassing collection calls originated from numbers including, but not limited to (800) 888-2238.   The undersigned has confirmed this number belongs to Defendant.

15. Plaintiff has hung up the phone on Defendant only to be called back immediately thereafter by Defendant.

16. On occasion, Defendant's collectors have failed to identify themselves, or identify that they were a debt collector.

17. Defendant has also called Plaintiff very early in the morning, including before 8:00 A.M.

18. Plaintiff repeatedly requested Defendant stop calling him and send him something in writing about the debt. However, Defendant failed to honor Plaintiff's request and continued to call him.

19. Defendant also threatened to have its attorney contact Plaintiff.

20. Despite this threat, no attorney has contacted Plaintiff on behalf of Defendant.

21. Upon information and belief, Plaintiff believes Defendant made this threat with the intent to scare Plaintiff and cause him to worry that legal action may be forthcoming.

22. Defendant's collectors also threatened to ruin Plaintiff's credit if the alleged debt was not paid.

23. Further, Defendant never sent anything to Plaintiff in writing advising him of his rights to dispute the alleged debt and/or seek verification of the debt.

24. Upon information and belief, the Defendant's call log will reflect that certain calls from Defendant to Plaintiff's cellular phone were computer generated calls, generated by the use of an automatic telephone dialing system, or used a pre-recorded or artificial voice.

25. None of Defendant's telephone calls placed to Plaintiff were for "emergency

purposes," as specified in 47 U.S.C. §227(b)(1)(A).

26. Over the period that Defendant was contacting Plaintiff, Defendant called Plaintiff dozens of times on his cellular phone using a pre-recorded or automated message.

27. Defendant took the actions described above with the intent to harass, deceive, intimidate, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

28. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from calling consumers at any unusual time, and in the absence of evidence to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 am and before 9:00 pm, local time at the consumer's location.

29. Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff before 8:00 A.M.

## COUNT II
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

31. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after Plaintiff expressly told

Defendant to no longer contact him, when it called Plaintiff before 8:00 A.M., and when it engaged in other harassing, oppressive, or abusive conduct.

## COUNT III
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1692d(5) prohibits debt collectors from causing a consumer's telephone to ring repeatedly with the intent to annoy the hearer.

33. Defendant violated § 1692d(5) when it caused Plaintiff's telephone to ring repeatedly with the intent to annoy Plaintiff.

## COUNT IV
## DEFENDANT VIOLATED § 1692d(6) OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

34. Section 1692d(6) of the FDCPA prohibits debt collectors from making the placement of telephone calls without meaningful disclosure of the caller's identity.

35. Defendant violated section 1692d(6) of the FDCPA when its representatives called Plaintiff but refused to provide their names to Plaintiff, or disclose the fact that they were debt collectors.

## COUNT V
## DEFENDANT VIOLATED § 1692e OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

36. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or mean in connection with the collection of any debt.

37. Defendant violated § 1692e of the FDCPA when its collectors refused to provide their names or the fact that they were debt collectors to Plaintiff, when it threatened to

have it attorney contact Plaintiff and/or ruin Plaintiff's credit when it lacked the ability or intention to do so, and when it engaged in other deceptive or misleading conduct in its attempt to collect the alleged debt.

### COUNT VI
### DEFENDANT VIOLATED § 1692e(10) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

38. Section 1692e(10) prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt.

39. Defendant violated § 1692e(10) of the FDCPA when its collectors refused to provide their names or the fact that they were debt collectors to Plaintiff, when it threatened to have it attorney contact Plaintiff and/or ruin Plaintiff's credit when it lacked the ability or intention to do so, and when it engaged in other deceptive or misleading conduct in its attempt to collect the alleged debt.

### COUNT VII
### DEFENDANT VIOLATED § 1692f OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

40. Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

41. Defendant violated § 1692f when it when its collectors refused to provide their names or the fact that they were debt collectors to Plaintiff, when it threatened to have it attorney contact Plaintiff and/or ruin Plaintiff's credit when it lacked the ability or intention to do so, when it placed repeated harassing telephone calls to Plaintiff, when it called Plaintiff before 8:00am, when it failed to send anything in writing to Plaintiff setting forth Plaintiff's rights pursuant to the FDCPA, when it failed to honor Plaintiff's request for calls to stop and to

send him something in writing, and when it engaged in other deceptive or misleading conduct in its attempt to collect the alleged debt.

## COUNT VIII
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

42. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and that if the debt is disputed, the debt collector will obtain verification of the debt.

43. Defendant violated § 1692g(a) of the FDCPA when it failed to send the Plaintiff any written notice containing the amount of the debt, the name of the creditor to whom the debt was owed, how to obtain verification of the debt, and how to dispute the debt, despite the Plaintiff's request for same.

## COUNT IX
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

44. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

45. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

46. The Act also authorizes the Court, in its discretion, to award up to three (3)

times the actual damages sustained for violations.

47. Here, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's cellular telephone, using a pre-recorded or artificial voice.

48. Defendant contacted Plaintiff on his cellular telephone dozens of times.

49. Defendant did not have Plaintiff's express consent prior to contacting him on his cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

50. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

**COUNT X**
**DEFENDANT VIOLATED § 392.302(4) OF THE**
**TEXAS FAIR DEBT COLLECTION PRACTICES ACT**

51. Section 392.302(4) of the Texas FDCPA prohibits debt collectors from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

52. Defendant violated § 392.302(4) of the Texas FDCPA by causing Plaintiff's cellular telephone to ring repeatedly or continuously with the intent of annoying and harassing the person at the called number.

**COUNT XI**
**DEFENDANT VIOLATED § 392.303(a)(2) OF THE**
**TEXAS FAIR DEBT COLLECTION PRACTICES ACT**

53. Section 392.303(a)(2) of the Texas FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

8

54. Defendant violated § 392.303(a)(2) when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after Plaintiff expressly told Defendant to no longer contact him, when it called Plaintiff before 8:00 A.M., when its collectors failed to identify themselves or the fact that they were debt collectors to Plaintiff, when it failed to provide any written notification of the debt despite Plaintiff's request that same be provided to him, and when it engaged in other unfair conduct.

**COUNT XII**
**DEFENDANT VIOLATED § 392.304(a)(8) OF THE**
**TEXAS FAIR DEBT COLLECTION PRACTICES ACT**

55. Section 392.304(a)(8) of the Texas FDCPA prohibits debt collectors from making fraudulent, deceptive or misleading representations when collecting a debt.

56. Defendant violated § 392.304(a)(8) when its collectors refused to provide their names or the fact that they were debt collectors to Plaintiff, when it threatened to have it attorney contact Plaintiff and/or ruin Plaintiff's credit when it lacked the ability or intention to do so, and when it engaged in other deceptive or misleading conduct in its attempt to collect the alleged debt.

**COUNT XIII**
**DEFENDANT INVADED PLAINTIFF'S PRIVACY BY**
**INRUDING UPON HER SECLUSION**

57. Texas recognizes the tort of intrusion upon seclusion. See Robinson v. Brannon, 313 S.W.3d 860, 867 (Tex. App. 2010).

58. An unwarranted intrusion upon seclusion is proved by showing that (1) an intentional intrusion, physical or otherwise, upon another's solitude, seclusion, or private affairs or concerns, (2) the intrusion would be highly offensive to a reasonable person, and (3) the person suffered an injury as a result of the intrusion. See Id.

59. Defendant's repeated and continuous debt collection calls to Plaintiff intruded upon the solitude of Plaintiff.

60. Defendant's conduct was highly offensive to Plaintiff, as it would be any reasonable person.

61. Plaintiff felt frustrated, angry and anxious, the calls interfered with his normal daily personal transactions, and he lost valuable time as a result of Defendant's intrusion.

62. This act was committed with malice, intent, wantonness and recklessness, affording Plaintiff the remedy of actual and punitive damages.

WHEREFORE, Plaintiff, NICHOLAS CLARK, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

d. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

e. Punitive damages for invasion of privacy and negligence; and

e. Any other relief deemed appropriate by this Honorable Court.

DATED:  12/21/2012                    KIMMEL & SILVERMAN, P.C.

By: <u>/s/ Amy L. Bennecoff</u>
Amy L. Bennecoff
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: abennecoff@creditlaw.com